IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>CASH C. COSGRIFF,<br>Defendant. | **8:21-CR-279**<br><br>**ORDER ON DEFENDANT'S MOTIONS TO APPOINT COUNSEL AND FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(2)** |

This matter is before the Court on defendant Cash C. Cosgriff's *pro se* Motions for Appointment of Counsel, Filing 247, and Sentence Reduction under 18 U.S.C. § 3582(c)(2), Filing 248. The defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846, and, on August 18, 2023, was sentenced to a term of 120 months' incarceration. Filing 1 at 1–2; Filing 208 (Judgment). For the reasons set out below, the defendant's motions are denied.

The Court first considers the defendant's Motion for Appointment of Counsel. Filing 247. The defendant specifically requests that the court "appoint council [sic] for [his] 3582(c)(2) sentence [reduction] motion." Filing 247 at 1. The motion is denied because it is well established that the defendant does not have a "right to appointed counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam).

The defendant's Motion for Reduction in Sentence asserts three grounds for relief. *See generally* Filing 248. First, the defendant appears to request that the Court reduce his sentence under

18 U.S.C. § 3582(c)(2) on the ground that Amendment 833—as it changed and clarified the application of a mitigating role reduction—reduces his sentencing guideline range. Filing 248 at 2 (saying the November 2025 guideline amendment relating to a mitigating role adjustment was not used in the defendant's sentencing and he is, therefore, entitled to a sentence reduction).

Under 18 U.S.C. § 3582(c)(2), "upon motion of the defendant," the Court "may reduce the term of imprisonment" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The defendant's motion asks this Court for a reduction in sentence pursuant to § 3582(c)(2). *See generally* Filing 248. The United States Sentencing Guidelines were amended in November 2025. The defendant is correct that Amendment 833 "made changes to the mitigating-role guideline." *United States v. Lee*, No. 25-13881, 2026 WL 2640674, at *1 (11th Cir. 2026); *see also United States v. Miles*, Criminal No. 7:16-cr-00057, 2026 WL 2517703, at *2 (W.D. Vir. Aug. 26, 2026) ("Amendment 833, which, in relevant part, revised USSG § 2D1.1(a)(5) to amend the mitigating role provisions to refine the drug trafficking guideline in cases where an individual receives an adjustment under § 3B1.2."). However, while Amendment 833 did "[make] changes to the mitigating-role guideline," *Lee*, 2026 WL 2640674, at *1, the amendment affords the defendant no relief. "None of the 2025 amendments (i.e., Amendment 833) have been made retroactive. *See* USSG § 1B1.10(d). Consequently, these changes only affect defendants sentenced after they took effect on November 1, 2025." *Davenport v. United States*, No. 4:25-cv-00355-SHL, 2026 WL 3072971, at *6 (S.D. Iowa Oct. 14, 2026); *see also United States v. Herrera-Perez*, 16 Cr. 00388-2 (GBD), 2026 WL 1110265, at *2 (S.D.N.Y. Apr. 23, 2026) (saying "Amendment 833 is not retroactive") (collecting cases). The Court must therefore deny the defendant's motion for sentence reduction because his guideline sentencing range has not been lowered by the United States

Sentencing Commission.[1] 18 U.S.C. § 3582(c)(2); *United States v. Jimenez*, CASE NO. CR07-00343JLR, 2026 WL 412285, at *2 (W.D. Wash. Feb. 13, 2026); *Herrera-Perez*, 2026 WL 1110265, at *2 (saying "Amendment 833 is not retroactive" and the court, "therefore, cannot rely on Amendment 833 to reduce [the defendant's] sentence") (collecting cases).

The defendant's second ground seeks a sentence reduction because, "at the time of [his] original sentence, the Court was required to treat the guidelines as mandatory under the controlling law at that time." Filing 248 at 2. However, the defendant maintains that the guidelines have since been made advisory. Filing 248 at 2. The defendant is correct that "[t]he *Booker* and *Gall* decisions of the Supreme Court have made the guidelines advisory." *United States v. Ault*, 598 F.3d 1039, 1043 (8th Cir. 2010) (citing *United States v. Booker*, 543 U.S. 220, 259 (2005); *Gall v. United States*, 552 U.S. 38, 46 (2007)). Nonetheless, the defendant was sentenced after the guidelines were made advisory. Filing 208 at 1 (saying the defendant was sentenced in 2023). Additionally, the defendant could not have been sentenced less than 120 months' incarceration given the applicable 10-year mandatory minimum. 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846.

The defendant's final ground asserts a policy disagreement with the United States Sentencing Guidelines and argues that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular [defendant] that that [sic] the pure ice 841 drug enhancement disparity yields a sentence 'greater than necessary' to achieve 3553(a) purposes [for] even a mine run case." Filing 248 at 6. The defendant does not assert a change to the guidelines in support of this

[1] Even if the guideline changes had been made retroactive, the motion would be denied because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c) (saying "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable"); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

ground nor could he. *See generally* Filing 248. Instead, the defendant cites to a variety of cases wherein the sentencing judge "deviate[d] from the guidelines on the basis of policy." *See* Filing 248 at 6 (citing *United States v. Nawanna*, 321 F. Supp. 3d 943 (N.D. Iowa May 1, 2018) wherein the sentencing judge "determined that a downward variance was appropriate" based on "a policy disagreement" with the guidelines). As explained above, "upon motion of the defendant," the Court "may reduce the term of imprisonment" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The defendant does not identify any change to the guidelines that could form a basis for relief under § 3582(c)(2). Having not done so and having only offered a policy disagreement with the guidelines, the Court finds this third ground unavailing. Consequently, the defendant is not entitled to a sentence reduction as to any of the three asserted grounds. The defendant's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Appoint Counsel, Filing 247, is denied; and
2. The defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2), Filing 248, is denied.

Dated this 25th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge